IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RAYMOND L. STRONG,**

    Petitioner,

v.                                  Case No. 5:23cv076-TKW/MAF

**RICKY DIXON, Secretary,**
**Florida Department of Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about March 16, 2023, Petitioner Raymond L. Strong, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He ultimately filed a second amended § 2254 petition on June 27, 2023. ECF No. 43. On November 9, 2023, Respondent filed a motion to dismiss or stay the petition, ECF No. 55, with exhibits, ECF No. 56. Petitioner has filed a reply. ECF No. 57.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Strong indicates he challenges his conviction and sentence entered September 29, 2022, by the Fourteenth Judicial Circuit, Holmes County, Florida, following a jury trial in case number 2020-CF-000398. ECF No. 43 at 1-2. In particular, the jury found Strong guilty of second-degree murder, as charged, contrary to section 782.04(2), Florida Statutes, in connection with the stabbing death of Kevin Parker on or about April 19, 2020. Exs. A, O.[1] Both Strong and Parker were inmates at Holmes Correctional Institution at the time of the murder. The trial court adjudicated Strong guilty and sentenced him to life in prison. Ex. P (Judgment and Sentence); *see* Ex. N (trial court minutes). It appears that no direct appeal followed. *See* ECF No. 43 at 2; ECF No. 55 at 4-5.

On November 21, 2022, Strong filed in open court a pro se "Timely Motion for Mistrial." Ex. Q. The state trial court held a hearing on the motion

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits, ECF No. 56, submitted with Respondent's motion to dismiss, ECF No. 55.

and, by order on December 7, 2022, nunc pro tunc November 21, 2022, the court denied the motion as untimely filed. *Id*. In addition, the court found that, even assuming the motion was timely, "a review under the applicable rules of Fla. R. Crim P. 3.590, 3.575, 3.660, and 3.610, and after consideration of the testimony and evidence presented at the hearing . . . the Defendant's motion is due to be denied." *Id*. The court specifically found "no credible evidence was presented during the hearing to support the Defendant's assertions made within his motion." *Id*.

On August 11, 2023, Strong filed a pro se petition for writ of mandamus in the Florida Supreme Court, assigned case number SC2023-1174, regarding the state trial court's handling of his motion for mistrial. Exs. R, S. By order on September 15, 2023, the Florida Supreme Court transferred the case to the First District Court of Appeal (First DCA), pursuant to Harvard v. Singletary, 733 So. 2d 1020 (Fla. 1999). Ex. T. The First DCA assigned the case number 1D23-2344. Ex. U. The case remains pending as of the date of this Report and Recommendation. *See* online docket for 1D23-2344 at http://acis.flcourts.gov/portal.

In the meantime, on or about July 24, 2023, according to the online docket for the First DCA, Strong file a pro se petition for belated appeal, assigned case number 1D23-1902. *See* online docket for 1D23-1902 at

http://acis.flcourts.gov/portal. The First DCA dismissed the petition on December 4, 2023. *See id.* Strong filed a motion for rehearing, which remains pending as of the date of this Report and Recommendation. *See id.*

As indicated above, prior to the cases filed in the First DCA, Strong submitted this § 2254 petition for filing in federal court on or about March 16, 2023, ECF No. 1, and he ultimately filed a second amended § 2254 petition on June 27, 2023, ECF No. 43. In the second amended petition, Strong raises four grounds:

(1) **Trial Court Error**: "14th Judicial Judge constitutionally and prejudicially (erred) [in ruling on] Stand Your Ground law to be immune by self-defense, Petitioner should hot [have] had to stand trial." ECF No. 43 at 9.

(2) **Trial Court Error**: "14th Judicial Judge constitutionally and prejudicially (erred) maliciously deprived a full and fair (SYG) pretrial hearing, Petitioner should not have stood trial." *Id.* at 16.

(3) **Trial Court Error**: "14th Judicial Judge and circuit constitutionally and prejudicially (erred) by improper exercise of power of interest & multiple punishments." *Id.* at 27.

(4) **Appellate Court Error**: "First District Court of Appeal const. and prejudicially (erred) to overlook & misapprehend State's lack of evidence, 14th Jud. lack of jurisdiction, Petitioner truth of the matter." *Id.* at 31.

On November 9, 2023, Respondent filed a motion to dismiss or stay the petition, ECF No. 55, with exhibits, ECF No. 56, asserting that Strong has

not exhausted the remedies available to him in state court. Petitioner has filed a reply, asserting that he has exhausted his claims. ECF No. 57.

## Analysis

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court.

28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, Petitioner Strong has not exhausted the remedies available to him in the state courts. Strong currently has two open cases in the First DCA. If the First DCA grants relief on the pending mandamus petition, 1D23-2344, that action may result in vacation of his conviction or a new direct appeal. Similarly, if the First DCA grants rehearing in Strong's petition for belated appeal, 1D23-1902, such action may result in a direct appeal proceeding. Because Petitioner Strong has pending actions in state court, and has thus not yet exhausted the remedies available in state court, this petition should be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); <u>Mauk v. Lanier</u>, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.").

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 55, be **GRANTED**, and Petitioner's second amended § 2254 petition, ECF No. 43, be **DISMISSED without prejudice**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether

a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 55) be **GRANTED** and the second amended § 2254 petition (ECF No. 43) be **DISMISSED without prejudice.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2024.

        S/ Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the</u>

**electronic docket is for the Court's internal use only and does not control**.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**